UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ONE WORLD MARKET, INC. d/b/a NOBLE FISH, | ) ) ) COMPLAINT |
| Plaintiff, | ) ) ) CASE NUMBER: 24-12203 |
| v. | ) ) |
| JOHN DOE, | ) JURY DEMANDED ) |
| Defendant. | ) DAMAGES GREATER THAN $75,000 |

## COMPLAINT

NOW COMES THE PLAINTIFF ONE WORLD MARKET, INC. d/b/a "NOBLE FISH ("Plaintiff" or "Noble Fish"), by and through its counsel, Mudd Law Offices, and complains of the DEFENDANT JOHN DOE ("Defendant"), upon personal information as to its own activities and upon information and belief as to the activities of others and all other matters, and states as follows:

## NATURE OF ACTION

1. This is an action against the Defendant for violation of the Federal Wiretap Act (18 U.S.C. §§ 2511), the Stored Communications Act (18 U.S.C. §§ 2701), and the Computer Fraud and Abuse Act (18 U.S.C. §§ 1030), all arising from the Defendant's unauthorized access to and subsequent deletion of the Plaintiff's "@NobleFishSushi" social media account.

2. By this action, the Plaintiff seeks, *inter alia*, compensatory damages, punitive damages, attorney's fees and costs, and all other relief to which the Plaintiff may be entitled as a matter of law and as deemed appropriate by this Court.

## PARTIES

3. Plaintiff One World Market, Inc. d/b/a "Noble Fish" is a Michigan corporation

with its principal place of business located in Clawson, Michigan.

4. Upon information and belief, Defendant John Doe is a citizen of the State of Michigan and resides in this judicial district.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the Plaintiff's federal statutory claims pursuant to 28 U.S.C. § 1331.

6. The Defendant is subject to both general and specific personal jurisdiction in this Court as he is a citizen of the State of Michigan.

7. Venue is proper pursuant to 28 U.S.C. § 1391 because (a) a substantial part of the events or omissions giving rise to this action occurred within this judicial district; and (b) the Defendant is believed to reside in and be domiciled within this judicial district.

8. An actual case or controversy has arisen between the Plaintiff and the Defendant.

9. The Defendant has violated federal statutes causing harm to the Plaintiff.

10. The Plaintiff has been injured by the Defendant's conduct and has suffered damages resulting therefrom.

## FACTUAL BACKGROUND

*The Instagram Account*

11. The Plaintiff operates a sushi bar and grocery store in Clawson, Michigan selling Japanese products.

12. The Plaintiff has operated its business in Clawson, Michigan since 1984.

13. On or around 2018, the Plaintiff created a social media account on the Instagram platform with the username "@NobleFishSushi" ("Instagram Account").

14. Prior to the events giving rise to this litigation, the Plaintiff consistently operated the Instagram Account.

15. The Plaintiff operated the Instagram Account to communicate with existing customers, showcase new products and services, announce awards it received, and reach new customers.

16. During this time period, the Plaintiff acquired approximately 9,000 followers on the Instagram Account.

17. The Instagram Account constituted an important component of Plaintiff's marketing

18. Through the Instagram platform, the Plaintiff used Instagram's marketing services to purchase advertisements for purposes of promoting the Plaintiff's products and services.

19. The Plaintiff used data obtained through its activities on the Instagram Account to monitor the performance of its marketing efforts.

20. Prior to events giving rise to this litigation, the Plaintiff provided access to the Instagram Account to only two people in its employ.

*Unauthorized Access to the Instagram Account*

21. On or about May 6th, 2024, the Defendant obtained unauthorized access to the Instagram Account.

22. Shortly thereafter, the Plaintiff attempted to access the Instagram Account, but was unable to do so due to an "invalid password."

23. The Plaintiff attempted to log in several times before attempting to reset the password for the Instagram Account.

24. While attempting to reset the password, the Plaintiff discovered that the email and phone number to recover the Instagram Account had been changed.

25. By obtaining unauthorized access to the Instagram Account, the Defendant violated the terms of service for Instagram.

26. By obtaining unauthorized access to the Instagram Account, the Defendant controlled the Instagram Account.

27. The Defendant changed the Instagram Account's password, recovery phone number, and email address.

28. In changing this information, the Defendant blocked the Plaintiff's access to the Instagram Account.

29. The Defendant used the Instagram Account.

30. By using the Instagram Account, the Defendant impersonated the Plaintiff.

31. The Defendant accessed the Plaintiff's private direct message ("DM") communications with third parties.

32. Additionally, the Defendant also accessed the Plaintiff's private Instagram activity data.

33. Subsequently, the Defendant deleted or caused the deletion of the Instagram Account.

34. By engaging in the foregoing conduct, the Defendant violated the terms of service for Instagram.

35. The Defendant intentionally engaged in the foregoing wrongful conduct ("Wrongful Conduct").

*The Harm*

36. The Plaintiff has suffered, and continues to suffer, harm arising from the Defendant's Wrongful Conduct.

37. The Defendant has impersonated the Plaintiff.

38. The Defendant has caused third parties, particularly the followers of the Instagram Account, to erroneously perceive that the Plaintiff terminated the Instagram Account.

39. By causing third parties to perceive that the Plaintiff terminated the Instagram Account, the Defendant caused some people to believe the Plaintiff had ceased operations.

40. By obtaining access to the Plaintiff's DM communications, the Defendant violated the confidentiality of such communications.

41. By obtaining unauthorized access to the Plaintiff's private activity data, the Defendant violated the confidentiality of such data.

42. By deleting the Plaintiff's Instagram Account, the Defendant destroyed the goodwill that had accrued through this social media account.

43. By deleting the Plaintiff's Instagram Account, the Defendant caused the Plaintiff to lose the value of time and money invested in the Instagram Account.

44. By deleting the Plaintiff's Instagram Account, the Defendant caused the loss of valuable marketing data and insights.

45. Through the Defendant's Wrongful Conduct, the Plaintiff can no longer advertise its products and services on the Instagram account.

46. The Plaintiff can no longer monitor the effectiveness of its marketing campaigns by accessing the private activity data located on the Instagram Account.

47. The Plaintiff can no longer efficiently communicate with its audience of over 9,000 followers.

48. This audience is unlikely to be easily replaced through the creation of a new Instagram Account.

49. The Defendant's unauthorized deletion of the Instagram account has caused monetary losses for the Plaintiff.

50. After the deletion of the Plaintiff's Instagram account, the Plaintiff lost approximately $11,000 in gross sales (a 15.7% decrease).

51. The Plaintiff continues to suffer financial losses.

## COUNT ONE

## AS AND FOR A FIRST CAUSE OF ACTION

## VIOLATION OF COMPUTER FRAUD AND ABUSE ACT (18 U.S.C. § 1030)

52. The Plaintiff hereby incorporates by reference Paragraphs 1 through 51 in this First Count as though fully set forth herein.

53. The Defendant knowingly and with an intent to commit fraud obtained unauthorized access or exceeded their authorized access to the Instagram Account as well as Meta computer(s), server(s), and/or other computers storing the Instagram Account for purposes of furthering their fraud upon the Plaintiff.

54. The Defendant intended to commit fraud against the Plaintiff by representing themselves as the Plaintiff and/or impersonating the Plaintiff.

55. The Defendant intended to harm the Plaintiff directly.

56. The Defendant obtained private DM communications within the Instagram Account between the Plaintiff and third parties.

6

57. The Defendant obtained private activity data within the Instagram Account which the Plaintiff utilized to measure the effectiveness of their marketing campaigns.

58. The Defendant's conduct violates the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(4).

59. The Plaintiff has suffered losses aggregating over $5,000, including, but not limited to, loss of sales, costs of investigation, and other related damages.

60. The Plaintiff's damages continue to accumulate with each passing day.

WHEREFORE, the Plaintiff prays as follows:

    a. That the Court award it economic damages pursuant to 18 U.S.C. § 1030(g) against the Defendant.

    b. That the Court provide it injunctive relief in the form of an order:

        i. Permanently enjoining the Defendant from accessing and/or attempting to access any of Plaintiff's accounts;

        ii. Permanently enjoining the Defendant from accessing and/or attempting to access any electronic communications of the Plaintiff;

        iii. Permanently enjoining the Defendant from accessing and/or attempting to access any stored communications of the Plaintiff; and,

        iv. Order the Defendant to permanently erase all electronic and other copies of the Plaintiff's electronic communications obtained unlawfully; and,

        v. Order the Defendant to permanently erase all electronic data related to the Plaintiff obtained unlawfully; and,

c.  That the Court award such other relief to which the Plaintiff may be entitled or as justice may require.

## COUNT TWO

## AS AND FOR A SECOND CAUSE OF ACTION

## VIOLATION OF FEDERAL WIRETAP ACT (18 U.S.C. §§ 2511, 2520)

61. The Plaintiff hereby incorporates by reference Paragraphs 1 through 51 above in this Second Count as though fully set forth herein.

62. The Plaintiff's DM communications within the Instagram Account constituted electronic communications.

63. The Defendant intentionally accessed the Instagram Account without the Plaintiff's knowledge or authorization.

64. The Defendant intentionally read private DM communications within the Instagram Account between the Plaintiff and third parties, without the Plaintiff's knowledge or authorization.

65. Upon knowledge and belief, the Defendant obtained access to and read DM communications sent to the Plaintiff within the Instagram Account prior to the Plaintiff reading such communications.

66. By engaging in the foregoing conduct, the Defendant intentionally intercepted the Plaintiff's electronic communications.

67. Upon information and belief, the Defendant used his own device to obtain unauthorized access to the Instagram Account and the electronic communications associated therewith.

68. By using his own device to obtain unauthorized access to the Instagram Account and the electronic communications associated therewith, the Defendant caused the electronic communications to be accessed and read by the Defendant's device and copied thereto.

69. By engaging in the foregoing conduct, the Defendant intentionally and surreptitiously recorded and duplicated the Plaintiff's electronic communications.

70. The Defendant engaged in the foregoing conduct without the Plaintiff's knowledge or authorization.

71. By engaging in such conduct, the Defendant violated the Electronic Communications Privacy Act, specifically 18 U.S.C. §§ 2511(1)(a).

72. As a result of the Defendant's Wrongful Conduct, particularly the foregoing conduct, the Plaintiff suffered injuries and damages resulting therefrom that include, but are not limited to, violation of its statutory rights, invasion of its privacy, and harmed reputation.

73. The Plaintiff has suffered and is continuing to suffer irreparable injury for which it has no adequate remedy at law.

WHEREFORE, the Plaintiff prays as follows:

a. That the court award it statutory damages pursuant to 18 U.S.C. § 2520(c)(2) against the Defendant;

b. That the Court award it punitive damages against the Defendant in an amount to be determined at trial;

c. That the Court award it costs of suit, including attorney's fees;

d. That the Court provide it injunctive relief in the form of an order:

i. Permanently enjoining Defendant from intercepting, and attempting to intercept, any communications of the Plaintiff;

    ii. Permanently enjoining the Defendant from accessing, and attempting to access, the Plaintiff's Instagram account and DM communications; and,

    iii. Requiring the Defendant to permanently erase all electronic and other copies of intercepted communications; and,

 e. That the Court award such other relief to which the Plaintiff may be entitled or as justice may require.

## COUNT THREE

## AS AND FOR A THIRD CAUSE OF ACTION

## VIOLATION OF STORED COMMUNICATIONS ACT (18 U.S.C. §§ 2701)

74. The Plaintiff hereby incorporates by reference Paragraphs 1 through 51 above in this Third Count as though fully set forth herein.

75. By engaging in the foregoing conduct alleged herein, the Defendant knowingly and/or intentionally accessed without authorization a facility through which an electronic communication service is provided, particularly the Meta computers and servers hosting the Instagram Account, and obtained access to the Plaintiff's electronic communications while they were in electronic storage in such facility.

76. Alternatively, by engaging in the foregoing conduct alleged herein, the Defendant knowingly and/or intentionally exceeded their authorized access to a facility through which an electronic communication service is provided, particularly the Meta computers and servers hosting the Instagram Account, and obtained access to the Plaintiff's electronic communications while they were in electronic storage in such facility.

77. Additionally, by engaging in the foregoing conduct alleged herein, specifically the Defendant's deletion of the Instagram Account, the Defendant prevented the Plaintiff's access to the electronic communications contained within the Instagram Account.

78. The Defendant acted willfully and/or intentionally.

79. By engaging in the foregoing conduct, the Defendant violated the Stored Communications Act, specifically 18 U.S.C. §§ 2701(a).

80. As a result of the foregoing conduct, the Plaintiff suffered injuries and damages resulting therefrom that include, but are not limited to, violation of its statutory rights, invasion of its privacy, and harmed reputation.

81. The Plaintiff has suffered and is continuing to suffer irreparable injury for which the Plaintiff has no adequate remedy at law.

WHEREFORE, the Plaintiff prays as follows:

    a. That the Court award it statutory damages pursuant to 18 U.S.C. § 2707 against the Defendant;

    b. That the Court award it punitive damages against the Defendant in an amount to be determined at trial;

    c. That the Court award it costs of suit, including attorney's fees;

    d. That the Court provide it injunctive relief in the form of an order:

        i. Permanently enjoining the Defendant from accessing stored communications of the Plaintiff;

        ii. Permanently enjoining the Defendant from accessing and/or attempting to access the Plaintiff's Instagram account and DM communications; and,

        iii. Requiring the Defendant to permanently erase all electronic and other copies of the Plaintiff's communications obtained unlawfully; and,

    e. That the Court award such other relief to which the Plaintiff may be entitled or as justice may require.

## GENERAL

82. Where conditions precedent are alleged, the Plaintiff avers that all conditions precedent have been performed or have occurred.

83. The Plaintiff demands a jury trial.

84. Where general compensatory damages have not been found, the Plaintiff alternatively seeks nominal damages.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF ONE WORLD MARKET, INC. d/b/a "NOBLE FISH" accordingly and respectfully demands judgment against Defendant as follows:

1. That ONE WORLD MARKET, INC. d/b/a "NOBLE FISH" be awarded general compensatory damages in an amount to be determined at trial;

2. That ONE WORLD MARKET, INC. d/b/a "NOBLE FISH" be awarded statutory damages in an amount to be determined at trial;

3. That ONE WORLD MARKET, INC. dba "NOBLE FISH" be awarded punitive damages in an amount to be determined at trial;

4. That ONE WORLD MARKET, INC. d/b/a "NOBLE FISH" be awarded its attorney's fees and costs in this action;

5. That the Court enter judgment providing for the injunctive relief sought; and,

6. That ONE WORLD MARKET, INC. d/b/a "NOBLE FISH" be awarded any such other and all relief to which ONE WORLD MARKET, INC. d/b/a "NOBLE FISH" may be entitled as a matter of law and as deemed appropriate by this court.

Dated: Chicago, Illinois  
        August 21, 2024

PLAINTIFF,
ONE WORLD MARKET, INC.
d/b/a "NOBLE FISH"

/s/Charles Lee Mudd Jr.
Charles Lee Mudd Jr.

By:    One of its Attorneys
        Charles Lee Mudd, Jr.
        Mudd Law Offices
        411 S. Sangamon St. APT 1B,
        Chicago, Illinois 60607
        312.964.5051 Phone
        312.803.1667 Facsimile
        charles@muddlaw.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ONE WORLD MARKET, INC. <br> d/b/a NOBLE FISH, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE, <br><br> Defendant. | ) <br> ) <br> ) JURY DEMAND <br> ) <br> ) CASE NUMBER: 24-12203 <br> ) <br> ) <br> ) JURY DEMANDED <br> ) <br> ) |

## **JURY DEMAND**

The Plaintiff One World Market, Inc. d/b/a "Noble Fish" demands a jury trial.

/s/Charles Lee Mudd Jr.
Charles Lee Mudd Jr.

By: One of its Attorneys
Charles Lee Mudd, Jr.
Mudd Law Offices
411 S. Sangamon St. APT 1B,
Chicago, Illinois 60607
312.964.5051 Phone
312.803.1667 Facsimile
charles@muddlaw.com